# United States District Court

## FOR THE
### NORTHERN DISTRICT OF CALIFORNIA

VENUE: SAN FRANCISCO

---

UNITED STATES OF AMERICA,

V.

**CR 16 259 SI**

KIA ZOLFAGHARI,
KING EDWARD HARRIS II

**4:19MJ0332**

FILED
NOV 29 2016
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DEFENDANT(S).

---

## SUPERSEDING INDICTMENT

21 U.S.C. § 846 – Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute Fentanyl; 21 U.S.C. § 841(a)(1) – Distribution and Possession with Intent to Distribute Fentanyl; 18 U.S.C. § 924(c) – Using, Carrying, or Possessing a Firearm During and in Relation to a Drug Trafficking Crime; 18 U.S.C. § 1956(h) – Conspiracy to Launder Drug Proceeds; 18 U.S.C. § 1957 – Monetary Transactions Using Drug Proceeds; 18 U.S.C. 21 U.S.C. § 853 and 18 U.S.C. § 924(d) – Forfeiture

---

A true bill.

_____
Foreman

Filed in open court this _29th_ day of
_Nov, 2016_.

_L. Scott_
_Jacqueline Scott_ Clerk

Bail, $ __NO PROCESS__

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT   ☒ SUPERSEDING

**OFFENSE CHARGED**

See Attachment A

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See Attachment A

**Name of District Court, and/or Judge/Magistrate Location**

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

FILED
NOV 29 2016
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT - U.S**

▶ Kia Zolfaghari

**DISTRICT COURT NUMBER**

CR 16-00259 SI

---

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)

DEA

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

CR 16-70699

Name and Office of Person Furnishing Information on this form: Brian J. Stretch

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): Rita Lin

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)
   Northern District of California

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No   } If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT        Bail Amount:

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                Before Judge:

Comments:

# Attachment A
## Superseding Indictment
## United States v. Kia Zolfaghari

| | |
|---|---|
| Count One | 21 U.S.C. § 846 – Conspiracy to Manufacture, to Possess With Intent to Distribute, and to Distribute 400 Grams or More of Fentanyl |
| Counts Two, Three, Four, and Seven | 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) – Distribution and Possession With Intent to Distribute Fentanyl |
| Counts Five, Six, Nine, and Ten | 21 U.S.C. § 841(a)(1) and 841(b)(1)(B) – Distribution and Possession With Intent to Distribute 40 Grams or More of Fentanyl |
| Count Eight | 18 U.S.C. § 924(c) – Using, Carrying, or Possessing a Firearm During and in Relation to a Drug Trafficking Crime |
| Count Eleven | 18 U.S.C. § 1956(h) – Conspiracy to Launder Drug Proceeds |
| Counts Twelve through Sixteen | 18 U.S.C. § 1957 – Engaging in Monetary Transactions in Property Derived from Drug Trafficking |

Count One: Minimum 10 Years Imprisonment; Maximum Life Imprisonment; Maximum Fine of $10,000,000 or twice the gain or loss, whichever is greater; Minimum 5 Years Supervised Release; Maximum Supervised Release of Life; Mandatory $100 Special Assessment; Potential Deportation; Mandatory and Discretionary Denial of Federal Benefits.

Counts Two through Four, and Seven: For each count, Maximum 20 Years Imprisonment; Maximum Fine of $1,000,000 or twice the gain or loss, whichever is greater; Minimum Supervised Release of 3 Years; Maximum Supervised Release of Life; Mandatory $100 Special Assessment; Potential Deportation; Mandatory and Discretionary Denial of Federal Benefits.

Counts Five, Six, Nine and Ten: For each count, Minimum 5 Years Imprisonment; Maximum 40 Years Imprisonment; Maximum Fine of $5,000,000 or twice the gain or loss, whichever is greater; Minimum 4 Years Supervised Release; Maximum Supervised Release of Life; Mandatory $100 Special Assessment; Potential Deportation; Mandatory and Discretionary Denial of Federal Benefits.

Count Eleven: Maximum 20 years prison; Maximum Supervised Release of 3 years; Maximum Fine of $500,000, or twice the value of the property involved, whichever is greater; Mandatory $100 Special Assessment

Counts Twelve through Sixteen: Maximum 20 years prison; Maximum Supervised Release of 3 years; Maximum Fine of $250,000, or twice the property involved, whichever is greater; Mandatory $100 Special Assessment

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☒ SUPERSEDING

**OFFENSE CHARGED**

See Attachment A

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See Attachment A

Name of District Court, and/or Judge/Magistrate Location

**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

FILED NOV 29 2016
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT - U.S**

▶ King Edward Harris II

DISTRICT COURT NUMBER
CR 16-00259 SI

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)
DEA

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.
CR 16-70699

Name and Office of Person Furnishing Information on this form: Brian J. Stretch
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): Rita Lin

**DEFENDANT**

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☒ Is on Bail or Release from (show District)
Northern District of California

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction  } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed
DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT     Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:     Before Judge:

Comments:

# Attachment A
## Superseding Indictment
### United States v. King Edward Harris II

| | |
|---|---|
| Count One | 21 U.S.C. § 846 – Conspiracy to Manufacture, to Possess With Intent to Distribute, and to Distribute 400 Grams or More of Fentanyl |
| Counts Two, Three, and Four | 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) – Distribution and Possession With Intent to Distribute Fentanyl |
| Counts Five, Six, and Nine | 21 U.S.C. § 841(a)(1) and 841(b)(1)(B) – Distribution and Possession With Intent to Distribute 40 Grams or More of Fentanyl |

Count One: Minimum 10 Years Imprisonment; Maximum Life Imprisonment; Maximum Fine of $10,000,000 or twice the gain or loss; Minimum 5 Years Supervised Release; Maximum Supervised Release of Life; Mandatory $100 Special Assessment; Potential Deportation; Mandatory and Discretionary Denial of Federal Benefits.

Counts Two through Four: For each count, Maximum 20 Years Imprisonment; Maximum Fine of $1,000,000 or twice the gain or loss; Minimum Supervised Release of 3 Years; Maximum Supervised Release of Life; Mandatory $100 Special Assessment; Potential Deportation; Mandatory and Discretionary Denial of Federal Benefits.

Counts Five, Six, and Nine: For each count, Minimum 5 Years Imprisonment; Maximum 40 Years Imprisonment; Maximum Fine of $5,000,000 or twice the gain or loss; Minimum 4 Years Supervised Release; Maximum Supervised Release of Life; Mandatory $100 Special Assessment; Potential Deportation; Mandatory and Discretionary Denial of Federal Benefits.

| | |
|---|---|
| 1 | BRIAN J. STRETCH (CABN 163973) |
| | United States Attorney |
| 2 | |

**FILED**

NOV 29 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 16-CR-00259-SI |
| | ) | |
| Plaintiff, | ) | VIOLATIONS: 21 U.S.C. § 846 – Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute Fentanyl; 21 U.S.C. § 841(a)(1) – Distribution and Possession with Intent to Distribute Fentanyl; 18 U.S.C. § 924(c) – Using, Carrying, or Possessing a Firearm During and in Relation to a Drug Trafficking Crime; 18 U.S.C. § 1956(h) – Conspiracy to Launder Drug Proceeds; 18 U.S.C. § 1957 – Monetary Transactions Using Drug Proceeds; 18 U.S.C. 21 U.S.C. § 853 and 18 U.S.C. § 924(d) – Forfeiture |
| v. | ) | |
| KIA ZOLFAGHARI and KING EDWARD HARRIS II, | ) | |
| Defendants. | ) | |
| | ) | SAN FRANCISCO VENUE |

## SUPERSEDING INDICTMENT

The Grand Jury charges:

COUNT ONE:  (21 U.S.C. § 846 – Conspiracy to Manufacture, Distribute, and Possess With Intent to Distribute 400 Grams or More of Fentanyl)

On a date unknown to the Grand Jury, but no later than May 2, 2014, and continuing through at least June 10, 2016, both dates being approximate and inclusive, in the Northern District of California, the defendants

KIA ZOLFAGHARI, and
KING EDWARD HARRIS II,

SUPERSEDING INDICTMENT  1
16-CR-00259-SI

and others known and unknown to the Grand Jury, did knowingly and intentionally conspire to manufacture, distribute, and possess with intent to distribute a Schedule II controlled substance, to wit, 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and 841(b)(1)(B)(vi).

COUNT TWO: (21 U.S.C. § 841(a)(1) – Distribution and Possession With Intent to Distribute Fentanyl)

On or about December 10, 2015, in the Northern District of California, the defendants

KIA ZOLFAGHARI and
KING EDWARD HARRIS II

did knowingly and intentionally distribute and possess with intent to distribute a Schedule II controlled substance, to wit, a mixture and substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

COUNT THREE: (21 U.S.C. § 841(a)(1) – Distribution and Possession With Intent to Distribute Fentanyl)

On or about February 17, 2016, in the Northern District of California, the defendants

KIA ZOLFAGHARI and
KING EDWARD HARRIS II

did knowingly and intentionally distribute and possess with intent to distribute a Schedule II controlled substance, to wit, a mixture and substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

COUNT FOUR: (21 U.S.C. § 841(a)(1) – Distribution and Possession With Intent to Distribute Fentanyl)

On or about February 25, 2016, in the Northern District of California, the defendants

KIA ZOLFAGHARI and
KING EDWARD HARRIS II

did knowingly and intentionally distribute and possess with intent to distribute a Schedule II controlled substance, to wit, a mixture and substance containing a detectable amount of N-phenyl-N-[ 1-( 2-phenylethyl ) -4-piperidinyl ] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

COUNT FIVE: (21 U.S.C. § 841(a)(1) – Distribution and Possession With Intent to Distribute 40 Grams or More of Fentanyl)

On or about April 12, 2016, in the Northern District of California, the defendants

KIA ZOLFAGHARI and
KING EDWARD HARRIS II

did knowingly and intentionally distribute and possess with intent to distribute a Schedule II controlled substance, to wit, 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[ 1-( 2-phenylethyl ) -4-piperidinyl ] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

COUNT SIX: (21 U.S.C. § 841(a)(1) – Distribution and Possession With Intent to Distribute 40 Grams or More of Fentanyl)

On or about May 18, 2016, in the Northern District of California, the defendants

KIA ZOLFAGHARI and
KING EDWARD HARRIS II

did knowingly and intentionally distribute and possess with intent to distribute a Schedule II controlled substance, to wit, 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[ 1-( 2-phenylethyl ) -4-piperidinyl ] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

COUNT SEVEN: (21 U.S.C. § 841(a)(1) – Distribution and Possession With Intent to Distribute Fentanyl)

On or about May 23, 2016, in the Northern District of California, the defendant

KIA ZOLFAGHARI

did knowingly and intentionally distribute and possess with intent to distribute a Schedule II controlled substance, to wit, a mixture and substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

COUNT EIGHT: (18 U.S.C. § 924(c) – Using, Carrying, or Possessing a Firearm During and in Relation to a Drug Trafficking Crime)

On or about June 10, 2016, in the Northern District of California, the defendant

KIA ZOLFAGHARI

did knowingly use, carry, and possess a Smith & Wesson brand, model M&P, 9mm caliber handgun, bearing serial number HKA1781, during and in relation to, and in furtherance of, a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute and attempted distribution of a mixture and substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide, commonly known as fentanyl, all in violation of Title 18, United States Code, Section 924(c)(1)(A).

COUNT NINE: (21 U.S.C. § 841(a)(1) – Distribution and Possession With Intent to Distribute 40 Grams or More of Fentanyl)

On or about June 2, 2016, in the Northern District of California, the defendants

KIA ZOLFAGHARI and
KING EDWARD HARRIS II

did knowingly and intentionally distribute and possess with intent to distribute a Schedule II controlled substance, to wit, 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide, commonly known as fentanyl, in

SUPERSEDING INDICTMENT 4
16-CR-00259-SI

violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

COUNT TEN: (21 U.S.C. § 841(a)(1) – Possession With Intent to Distribute 40 Grams or More of Fentanyl)

On or about June 10, 2016, in the Northern District of California, the defendant

KIA ZOLFAGHARI

did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, to wit, 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide, commonly known as fentanyl, in a satchel on his person and in his residence at 2401 44th Avenue, Apartment #6, San Francisco, California, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

COUNT ELEVEN: (18 U.S.C. § 1956(h) – Conspiracy to Launder Drug Proceeds)

On a date unknown to the Grand Jury, but no later than December 10, 2014, and continuing through at least June 10, 2016, both dates being approximate and inclusive, in the Northern District of California, the defendant

KIA ZOLFAGHARI

did knowingly combine, conspire, and agree with other persons known and unknown to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, and Title 18, United States Code, Section 1957, to wit:

    a. to knowingly conduct and attempt to conduct financial transactions affecting interstate or foreign commerce or which involve the use of a financial institution the activities of which affect interstate or foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, drug trafficking, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of that specified unlawful activity, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title

SUPERSEDING INDICTMENT 5
16-CR-00259-SI

18, United States Code, Section 1956(a)(1)(B)(i); and

b. to knowingly engage and attempt to engage in the monetary transactions by, through, and to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, drug trafficking, in violation of Title 18, United States Code, Section 1957,

All in violation of Title 18, United States Code, Section 1956(h).

COUNT TWELVE: (18 U.S.C. § 1957 – Engaging in Monetary Transactions in Property Derived from Drug Trafficking)

On or about March 10, 2015, through on or about May 28, 2016, in the Northern District of California, the defendant

KIA ZOLFAGHARI

did knowingly engage and attempt to engage in a monetary transaction by, through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is, the purchase of a 2015 Audi RS5 Coupe from Keyes Audi via down payments and ongoing monthly payments, such property having been derived from a specified unlawful activity, that is, drug trafficking, in violation of Title 18, United States Codes, Section 1957.

COUNTS THIRTEEN THROUGH FIFTEEN: (18 U.S.C. § 1957 – Engaging in Monetary Transactions in Property Derived from Drug Trafficking)

On or about the dates set forth below, in the Northern District of California, the defendant

KIA ZOLFAGHARI

did knowingly engage and attempt to engage in the following monetary transactions by, through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is, the exchange of U.S. currency for cashier's checks and the transfer to of those checks to the defendant's landlord for the rental of the apartment at 2401 44th Avenue, Apartment #6, San Francisco, California, such property having been derived from a specified unlawful activity, that

SUPERSEDING INDICTMENT 6
16-CR-00259-SI

is, drug trafficking.

| Count | Transaction | Date |
|---|---|---|
| 13 | Two $9,000 cashier's checks | 2/23/2015 |
| 14 | Two $9,000 cashier's checks | 8/17/2015 |
| 15 | Two $9,000 cashier's checks | 2/24/2016 |

All in violation of Title 18, United States Codes, Section 1957.

COUNT SIXTEEN: (18 U.S.C. § 1957 – Engaging in Monetary Transactions in Property Derived from Drug Trafficking)

On or about December 10, 2014, in the Northern District of California, the defendant

KIA ZOLFAGHARI

did knowingly engage and attempt to engage in a monetary transaction by through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is, the transfer of U.S. currency in exchange for a Hublot watch, such property having been derived from a specified unlawful activity, that is, drug trafficking, in violation of Title 18, United States Codes, Section 1957.

FORFEITURE ALLEGATION: (21 U.S.C. § 853; 18 U.S.C. §§ 924, 982 – Criminal Forfeiture)

1. The factual allegations contained in Counts One through Sixteen of this Superseding Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853, 18 U.S.C. § 924, and 18 U.S.C. § 982.

2. Upon a conviction for any of the offenses alleged in Counts One through Sixteen, the defendants,

KIA ZOLFAGHARI and
KING EDWARD HARRIS II,

shall forfeit to the United States pursuant to 18 U.S.C. § 982(a) and 21 U.S.C. § 853(a) all right, title and interest in any property involved in the said violations; and in any property constituting and derived

from any proceeds the defendants obtained, directly or indirectly, as a result of said violations, and in any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of said violations, including but not limited to:

    a. a sum of money equal to the total value of proceeds and property used, or intended to be used, to commit or to facilitate the commission of the said offense;

    b. a Smith & Wesson brand, Model M&P, 9mm caliber handgun, bearing serial number HKA1781, seized on June 10, 2016, from a satchel carried by KIA ZOLFAGHARI;

    c. a Glock brand, Model 17, 9mm caliber handgun, bearing serial number ZET005, seized on June 10, 2016, from KIA ZOLFAGHARI's residence at 2401 44th Avenue, Unit #6, San Francisco, California;

    d. all ammunition seized on June 10, 2016, from KIA ZOLFAGHARI's residence at 2401 44th Avenue, Unit #6, San Francisco, California;

    e. $44,136.00 in U.S. currency seized on June 10, 2016, from KIA ZOLFAGHARI's residence at 2401 44th Avenue, Unit #6, San Francisco, California;

    f. 2015 white Audi sedan, with paper dealer plates, and vehicle identification number (VIN) WUAC6AFRXFA901213, seized on June 10, 2016, from the garage associated with 2401 44th Avenue, Unit #6, San Francisco, California;

    g. a money counter seized on June 10, 2016, from KIA ZOLFAGHARI's residence at 2401 44th Avenue, Unit #6, San Francisco, California;

    h. a Breitling Chronograph Avenger watch, a Hublot Laser Fusion Shawn Carter Limited Edition watch, and an Audemars Piguet Royal Oak Offshore Limited Edition watch, seized on June 10, 2016, from KIA ZOLFAGHARI's residence at 2401 44th Avenue, Unit #6, San Francisco, California;

    i. all designer shoes, boots, handbags, purses, jewelry, watches, belts, and accessories kept at KIA ZOLFAGHARI's residence at 2401 44th Avenue, Unit

SUPERSEDING INDICTMENT
16-CR-00259-SI

8

#6, San Francisco, California, that were later moved to CANDELARIA DAGANDAN VAZQUEZ's storage unit at Public Storage, 14820 San Pablo Ave., San Pablo, California, and seized from that storage unit on September 8, 2016;

j.  a diamond-encrusted Rolex women's watch kept at KIA ZOLFAGHARI's residence at 2401 44th Avenue, Unit #6, San Francisco, California, that was later moved to CANDELARIA DAGANDAN VAZQUEZ's storage unit at Public Storage, 14820 San Pablo Ave., San Pablo, California, and seized from that storage unit on September 8, 2016;

k.  a Samsung 78-inch UHD Curved Television and soundbar seized on September 8, 2016, kept at KIA ZOLFAGHARI's residence at 2401 44th Avenue, Unit #6, San Francisco, California, that were later moved to CANDELARIA DAGANDAN VAZQUEZ's storage unit at Public Storage, 14820 San Pablo Ave., San Pablo, California, and seized from that storage unit on September 8, 2016; and

l.  two pairs of designer boots, three pairs of shoes, four bracelets, one gold colored necklace, one black leather strap necklace, one silver/diamond ring, three purses, and two pairs of sunglasses, kept at KIA ZOLFAGHARI's residence at 2401 44th Avenue, Unit #6, San Francisco, California, that were later moved to CANDELARIA DAGANDAN VAZQUEZ's residence in Richmond, California, and transferred to law enforcement officers by CANDELARIA DAGANDAN VAZQUEZ's attorney Mark Goldrosen on September 21, 2016.

3.  Upon conviction for any of the offenses alleged in Counts One through Sixteen, the defendants,

> KIA ZOLFAGHARI and
> KING EDWARD HARRIS II,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28,

SUPERSEDING INDICTMENT 9
16-CR-00259-SI

United States Code, Section 2461(c), all right, title, and interest in any firearm and ammunition involved in or used in any violation of said offenses, including but not limited to:

    a. a Smith & Wesson brand, Model M&P, 9mm caliber handgun, bearing serial number HKA1781, seized on June 10, 2016, from a satchel carried by KIA ZOLFAGHARI;

    b. a Glock brand, Model 17, 9mm caliber handgun, bearing serial number ZET005, seized on June 10, 2016, from KIA ZOLFAGHARI's residence at 2401 44th Avenue, Unit #6, San Francisco, California; and

    c. all ammunition seized on June 10, 2016, from KIA ZOLFAGHARI's residence at 2401 44th Avenue, Unit #6, San Francisco, California.

4. If, as a result of any act or omission of the defendants, any of said property

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

any and all interest defendants have in any other property (not to exceed the value of the above forfeitable property) shall be vested in the United States and forfeited to the United States.

All in violation of 21 U.S.C. § 853(a) and (p), 18 U.S.C. § 924, 18 U.S.C. § 982, 28 U.S.C. § 2461(c),

//
//
//
//
//
//
//
//

SUPERSEDING INDICTMENT
16-CR-00259-SI

10

and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: November 29, 2016            A TRUE BILL.

_____
FOREPERSON

BRIAN J. STRETCH
United States Attorney

_____
BARBARA J. VALLIERE
Chief, Criminal Division

(Approved as to form: _____ )
RITA F. LIN
Assistant United States Attorney

SUPERSEDING INDICTMENT                    11
16-CR-00259-SI